UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

| | |
|---|---|
| INTERLOGIC OUTSOURCING, INC., IOI PAYROLL SERVICES, INC., IOI WEST, INC., LAKEVIEW HOLDINGS, INC., LAKEVIEW TECHNOLOGY, INC., MODEARN, INC., and TIMEPLUS SYSTEMS LLC,[1] | Case No. 20-00325 Hon. Scott W. Dales Ch. 11  (Jointly Administered) |

        Debtors.
_____/

UNIVERSAL CREDIT SERVICES, INC.,

        Plaintiff,

v.

INTERLOGIC OUTSOURCING, INC.
and KEYBANK NATIONAL ASSOCIATION,

        Defendants.
_____/

Adversary Proceeding
No. 20-80016

ORDER STAYING ADVERSARY PROCEEDING

PRESENT:   HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

      Following a sustained period of docket inactivity, the court conducted a telephone status conference on September 21, 2020, at which the Plaintiff Universal Credit Services, Inc., and Defendant Key Bank, N.A., both appeared through counsel. Debtor-Defendant Interlogic Outsourcing, Inc., did not participate.

      After discussing the status of the matter with the parties, including the role of the claims allowance process and the relatively modest amount at issue, the parties agreed that the court could help more by doing less. More specifically, they agreed that a sixty-day stay of this adversary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473). The location of the Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

proceeding, coupled with informal discovery aimed at showing Key Bank did not divert Universal's funds for the bank's own benefit, could assist the parties in resolving their dispute. Nothing in this Order is intended to limit informal discovery and cooperation, nor will it preclude either party from seeking the court's assistance, for good cause shown, for example with respect to the issuance of subpoenas directed to non-parties. Moreover, this Order shall not preclude the parties from stipulating to the dismissal of this adversary proceeding if so advised.

NOW, THEREFORE, IT IS HEREBY ORDERED that this adversary proceeding and all deadlines affecting it that would otherwise apply are STAYED for sixty days from the entry of this Order.

IT IS HEREBY ORDERED that, unless this adversary proceeding is sooner dismissed, Plaintiff's counsel shall contact the Clerk promptly after the expiration of the stay imposed herein to arrange for a mutually convenient status conference.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Charity Ann Olson, Esq., Curtis Tuggle, Esq., Ronald A. Spinner, Esq., and Interlogic Outsourcing, Inc.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 21, 2020**



_____
Scott W. Dales
United States Bankruptcy Judge